UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COURTNEY S. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>LOCKHART, MORRIS & MONTGOMERY, INC.,<br><br>    Defendant. | Case No.3:21-cv-03242 |

**NOW COMES** COURTNEY S. JONES, by and through her undersigned counsel, complaining of Defendant LOCKHART, MORRIS & MONTGOMERY, INC., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. COURTNEY S. JONES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Rex, Georgia.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. LOCKHART, MORRIS & MONTGOMERY, INC. ("Defendant") is a corporation with its principal place of business at 1401 North Central Expressway, Suite 225, Richardson, Texas 75080-4681.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8. At some point, Plaintiff received a student loan.

9. Due to unforeseen financial circumstances, Plaintiff was unable to pay the $995 balance ("subject debt") and it was sent to collections.

10. Near the beginning of 2021, Plaintiff started receiving phone calls from Defendant regarding the subject debt.

11. On November 29, 2021, Plaintiff spoke with Defendant and requested that Defendant stop placing calls to her cellular phone.

12. Despite her request that the calls cease, Plaintiff still received collection calls from Defendant's representative the very next day (November 30, 2021) and December 7, 2021.

13. On December 7, 2021, frustrated with Defendant's continuous phone calls, Plaintiff again answered the phone and spoke with Defendant's representative, Laquita Jones ("Laquita") and requested that Defendant cease its collection calls.

14. Laquita talked over Plaintiff, was extremely rude, and when Plaintiff requested to speak with a manager, Laquita insisted that she was the account manager and would not transfer Courtney to anyone.

15. On December 7, 2021, Plaintiff initiated a call to Defendant and spoke with a representative named Brian Bentiere ("Brian").

16. Plaintiff advised Brian of Laquita's behavior and was advised that Brian will put Plaintiff on the cease list.

17. In total, Defendant placed no less than 2 harassing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

18. These phone calls originated from phone numbers including but not limited to (214) 522-6424.

## DAMAGES

19. Congress enacted the FDCPA to "rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

20. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

21. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

22. Being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d

214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

23. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

a. **Violations of FDCPA §1692c**

24. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

25. As set forth above, Plaintiff requested that Defendant cease its collection calls to her cellular phone.

26. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

27. Defendant violated § 1692c(a)(1) by calling Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

28. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the first cease request was known by Defendant to be an inconvenient time for Plaintiff.

b. **Violations of FDCPA §1692d**

29. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §§ 1692d and d(5) when it placed at least 2 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

32. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

33. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

34. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff, COURTNEY S. JONES, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c.  Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: December 30, 2021

Respectfully submitted,

**COURTNEY S. JONES**

By: */s/ Jennifer Ann McLaughlin, Esq.*

Jennifer Ann McLaughlin, Esq.
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
jmclaughlin@sulaimanlaw.com
mdaher@sulaimanlaw.com